# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID ROBINSON,

            Petitioner,    :    Case No. 3:18-cv-001

  - vs -                      District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

                               :

            Respondent.

## REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

      Mr. Robinson seeks relief from the term of post-release control imposed on him as part of his sentence for aggravated burglary and domestic violence by The Honorable Frances McGee in Montgomery County Common Pleas Case No. 09CR2854 (Petition, ECF No. 1, PageID 1). The public docket of that case shows a Termination Entry filed December 11, 2009, in which Mr. Robinson was sentenced to three years for aggravated burglary with a mandatory consecutive six month sentence for domestic violence with a pregnant victim specification[1]. The Entry advised Mr. Robinson that "as part of this sentence, the defendant will be supervised by the Parole Board

---

[1] Robinson was also sentenced to ninety days for criminal damaging and given jail time credit in the same amount.

for a period of five years Post-Release Control after the defendant's release from imprisonment."[2]

Robinson's request for relief in this case is that he "be removed from post release control because I have no sentence remaing [sic] on my time that I served." (Petition, ECF No. 1, PageID 5).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

This Court perceives nothing unconstitutional in the post-release control sentence Petitioner is serving. Ohio law regularly provides for post-release control during which a former prisoner is supervised by the Adult Parole Authority. The time for post-release control is limited by statute, but it is not limited to the time a defendant actually serves in prison. That is why it is called "post-release control." If in fact Mr. Robinson has not had any violations, it appears his post-release control will expire on its own terms in February 2018, five years after he was released from imprisonment. In any event, Mr. Robinson recites no facts relating to any violations and that question is therefore not before the Court.

---

[2] Available under the listed case number at www.mcclerkofcourts.org (visited January 3, 2018).

**Conclusion**

Because the Petition does not allege any violations of the United States Constitution, it does not state a claim which can be considered in federal habeas corpus. It is therefore respectfully recommended that the Petition be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 3, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).